**SO ORDERED.**

**SIGNED this 28 day of April, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

**WESTCROWNS, INC.,**

      Debtors.                                  Case No. 05-04887-8-JRL
                                                    Chapter 7

_____

## ORDER

This case is before the court on the trustee's objection to the claim of Geoffrey Card. On April 23, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On June 24, 2005, the debtor, Westcrowns, Inc., filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[1] The debtor is a corporation that engaged in the business of selling and distributing glass used in the construction industry. On August 2, 2005, Geoffrey Card, the former president of the debtor, filed a proof of claim in the amount of $6,923.00 for twenty days of vacation pay for the term April 1, 2004 to March 31, 2005. The proof of claim lists Mr. Card's claim as a Section 507(a) priority claim. The trustee objects to the claim and requests the court disallow the

---

[1] This is a pre-BAPCPA (Bankruptcy Abuse Prevention and Consumer Protection Act of 2005) case because the debtor filed bankruptcy on June 24, 2005. All statutory references are to the pre-BAPCPA version of the Bankruptcy Code.

total amount of the claim. The trustee contends that the documentation provided with the proof of claim is insufficient to support the allowance of the claim against the estate. The trustee also objects to the claim's treatment as a Section 507(a) priority claim as there is no basis upon which to support the allowance of a priority claim.

A properly filed proof of claim is "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. Proc. 3001(f). An objecting party has the initial burden of challenging a properly filed proof of claim. In re Se. Chem. Corp., 2007 Bankr. LEXIS 2136 (Bankr. M.D.N.C. June 19, 2007). If the objecting party produces evidence challenging the proof of claim, the burden shifts back to the claimant to prove the claim's validity. Id. Here, the trustee presented no evidence that the claim is improper, but merely contends that the supporting documentation is improper. The trustee's bare assertion that the claim should be disallowed is insufficient to meet the burden of challenging a properly filed proof of claim. The court therefore rejects the trustee's argument that the proof of claim is improper.

The trustee also challenges Mr. Card's assertion that the claim is entitled to priority status under Section 507(a). Certain allowed claims are entitled to priority under the Bankruptcy Code. Prior to the enactment of BAPCPA, Section 507(a) of the Code provided that allowed unsecured claims earned within ninety days before the date of the filing of the petition for wages, salaries, or commissions, including vacation pay earned by an individual, were given special priority. 11 U.S.C. § 507(a)(4). Here, the period relevant to Mr. Card's proof of claim is April 1, 2004 to March 31, 2005. Only six of those days fall within the ninety-day priority period prior to the date the petition was filed on June 24, 2005. Therefore, Mr. Card's claim is entitled to priority status in the amount of $113.80, which is 6/365 of the amount of Mr. Card's allowed claim.

Based on the foregoing, the court overrules the trustee's objection to Mr. Card's proof of claim and sustains, in part, the trustee's objection to the claim's priority status. The claim is allowed in its entirety, but is entitled to priority status only in the amount of $113.80.

**"END OF DOCUMENT"**